### EX PARTE SIMMON SMITH.

*No. 704.   Decided March 27.*

1.  Local Option in "Subdivisions"—Record of Petition—Notice of Election.—Under the Acts of 1893, page 48, section 1, it is expressly required, that the petition for a local option election in a "subdivision" of the county, containing the description of the "subdivision" by metes and bounds, should be "recorded in full in the minutes of the Commissioners Court, and such description shall be embraced in the notice given for such election."   *Held*, where these provisions of the law have not been complied with, the election is void.

2.  Same—Admonition to Commissioners Courts.—The court desires to say, that less litigation would be the result of more care and caution in ordering and declaring the result of local option elections.

APPEAL from the County Court of Hunt.   Tried below before Hon. W. H. RAGSDALE, County Judge.

An information was filed against appellant in the County Court, charging him with a violation of the local option law, in a subdivision of Hunt County, by selling whisky to one P. C. Long, on the 31st day of January, 1895.   He was arrested under a capias issued under said information, and he applied to the county judge for a writ of habeas corpus, to be discharged from said arrest.   The writ was issued, and upon a hearing before the county judge, appellant was denied a discharge and remanded to the custody of the sheriff.   From the judgment remanding him to custody this appeal is prosecuted.

The petition for the election described the subdivision of Hunt County as follows: "Beginning at the northeast corner of Hunt County; thence west with the Hunt and Fannin County line to where the same crosses Middle Sulphur Creek; thence down Middle Sulphur to a point on said creek due north of the W. H. Harris place, now owned by Hudspeth; thence due south, taking the said Harris place

in, continuing south with the west line of the University land, passing its south boundary to the Langford Bridge, on South Sulphur Creek; thence down said South Sulphur Creek to the west boundary line of Delta County; thence north with the Hunt and Delta County line to the place of beginning."

This petition was not recorded in full in the minutes of the Commissioners Court. The notices for the election did not describe the subdivision by metes and bounds, but showed that the order for the election was for precinct number 6, without giving any description of the subdivision by metes and bounds.

*J. G. Mathews*, for appellant, cited Gen. Laws 1893, art. 3227, p. 48; Ex Parte Burge, 32 Texas Crim. Rep., 459; Irish v. The State, ante, p. 130.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Relator was remanded to custody upon hearing his cause upon habeas corpus proceedings, for violating the local option law; hence this appeal. It is disclosed by the evidence that the petition for local option properly described by metes and bounds the subdivision in which the law was sought to be put into operation. It is further shown that this petition, containing the description of the subdivision, was not recorded in full, and the notices posted prior to the election did not contain such description. By an inspection of the Act of 1893, page 48, section 1, it will be seen, that such petition must be recorded in full, and the notices shall contain the description as set out in the petition. It is not even sought to be proved that the subdivision described in the petition is the same territory as precinct number 6, mentioned in the notices. The only description in the notices is, that such election is ordered to be held in precinct number 6. It may be possible that the statement of facts includes the wrong notices. We desire to say, that less litigation would be the result of more care and caution in ordering and declaring the result in local option law elections. As presented to us by this record, the law was not put into operation as provided by the Legislature.

The relator is discharged.

*Relator discharged.*

Judges all present and concurring.